

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD S. BERNARD              CIVIL ACTION

VERSUS                           NUMBER: 04-3491

WILLIAM C. HUNTER, SHERIFF,      SECTION: "S"(5)
ORLEANS PARISH CRIMINAL
SHERIFF'S OFFICE; ET AL.

## REPORT AND RECOMMENDATION

Pursuant before the Court is the 28 U.S.C. §2241 application for federal habeas corpus relief of petitioner, Reginald S. Bernard, the State's response thereto, and Bernard's reply to the State's response. (Rec. docs. 1, 9, 12). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Bernard's petition be dismissed with prejudice.

On September 12, 1990, Bernard pled guilty to one count of possession of crack cocaine with the intent to distribute in the Criminal District Court for the Parish of Orleans, State of Louisiana, and was thereupon sentenced to fifteen years

imprisonment with credit for time served. The State subsequently filed a bill of information accusing Bernard of being a multiple offender under LSA-R.S. 15:529.1. Bernard pled guilty to the multiple offender bill of information on September 21, 1990, whereupon his original sentence was vacated and he was sentenced to a term of like length under R.S. 15:529.1. Pursuant to Bernard's motion, on May 29, 1992, he was re-sentenced to fifteen years with credit for time served with a recommendation that he be awarded "good time" credits.

While serving his sentence, Bernard waived the opportunity to earn incentive wages and to instead accumulate increased "good time" credits and a consequent early release from prison. After serving roughly half of his fifteen-year sentence, on April 16, 1997, Bernard was released from prison "as if on parole" as provided for in LSA-R.S. 15:571.5, one of the conditions of which was the timely payment of periodic parole supervision fees. Bernard apparently violated that condition and was returned to prison to face parole revocation proceedings. He later pled guilty to violating the conditions of his parole, waived a final revocation hearing, and on December 3, 1998, his parole was revoked effective November 9, 1998. As a consequence of his parole revocation, Bernard has to serve the remainder of his original fifteen-year sentence and has waived any previously-earned "good

time" credits.

On March 13, 2000, some four hundred sixty-six days after Bernard was provided with notice that his parole had been revoked, he submitted a state habeas petition to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in which he argued that R.S. 15:571.5 was unconstitutional and that he was entitled to an immediate release.[1]/ That matter was dismissed by the trial court on May 24, 2000 and writs were ultimately denied by the Louisiana First Circuit Court of Appeal on September 20, 2002, <u>Bernard v. Louisiana Dept. of Public Safety and Corrections</u>, 843 so.2d 413 (La. App. 1st Cir. 2002), and by the Louisiana Supreme Court on January 9, 2004. <u>Bernard v. Louisiana Dept. of Public Safety and Corrections</u>, 862 So.2d 975 (La. 2004). On December 21, 2004, some three hundred fifty-seven days later, Bernard, through retained counsel, filed the habeas petition <u>sub judice</u>.

Rather than attacking his underlying drug conviction, Bernard now argues that his present incarceration is due to the unconstitutional revocation of his parole release pursuant to a

---

[1]/ Although the memorandum supporting his habeas petition was dated May 15, 2000 and the petition itself was formally filed on May 22, 2000, the Court will give Bernard the benefit of the doubt and will utilize the earliest possible date which appears on his transmittal letter accompany his state habeas petition.

3

diminution of sentence. As such, the instant matter is more properly characterized as a habeas corpus proceeding brought pursuant to 28 U.S.C. §2241 rather than 28 U.S.C. §2254. See Batiste v. State, 1999 WL 102027 at *1 (E.D. La. 1999)(quoting King v. Lynaugh, 729 F.Supp. 57, 58 (W.D. Tex. 1990)(§2241, as opposed to §2254, is "... 'the proper vehicle to review the decision of a parole authority.'")). Like petitioners proceeding under §2254, prisoners who seek relief pursuant to §2241 must first exhaust the remedies available to them under state law. Batiste, 1999 WL 102027 at *1. In the present case, the respondent has conceded that Bernard has exhausted available state court remedies. (Rec. doc. 9, p. 3). And because Bernard's underlying conviction emanates from a parish within this judicial district, venue is proper here under §2241(d). Carmona v. Andrews, 357 F.3d 535, 538-39 (5th Cir. 2004).

Just like the exhaustion doctrine, which is applicable to applications under §2241 as well as §2254, so too is there a one-year time requirement by which petitioners proceeding under either statute must file their habeas applications. See 28 U.S.C. §2244(d). The difference, however, is that for §2241 applications challenging parole decisions, the one-year period is measured not from the finality of the defendant's underlying conviction under §2244(d)(1)(A), but from the date on which the factual predicate of

the parole challenge could have been discovered through the exercise of due diligence. <u>Goodwin v. Dretke</u>, 150 Fed.Appx. 295, 298 (5th Cir. 2005)(quoting §2244(d)(1)(D)); <u>Malava v State</u>, 2001 WL 630472 at *5 (E.D. La. 2001).

Bernard does not deny that in December of 1998 he was advised that his diminution of sentence parole release had been revoked. The factual predicate of the revocation claim was thus available to him, or could have been discovered through the exercise of due diligence, at that time. <u>Malava</u>, 2001 WL 630472 at *5. Yet Bernard made no challenge to his parole revocation until March 13, 2000, over one year later, when he submitted his state habeas petition to the Nineteenth Judicial District Court. During that hiatus in activity, the §2244(d) limitation period ran its course. As no facts are present warranting the application of equitable tolling, <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999), Bernard's petition should be dismissed as untimely under §2244(d).

Alternatively, Bernard's petition fails on the merits. A parole violator like petitioner has no constitutional right to credit on his sentence or a reduction of his sentence for time spent on parole. <u>Malava</u>, 2001 WL 630472 at *5 (citing <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996); <u>Howard v. Stalder</u>, 2005 WL 1330299 at *4-5 (W.D. La. 2005); <u>Edge v. Stalder</u>, No. 01CV2327 (W.D. La. Apr. 3, 2003), <u>aff'd on other grounds</u>, 83 Fed.Appx. 648

5

(5th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1065, 124 S.Ct. 2393 (2004). This is so because inmates must serve the entirety of their sentences whether they do so within the confines of the prison walls or outside on the street subject to parole conditions imposed pursuant to a release for diminution of sentence. <u>Id</u>.; <u>Reese v. Tigner</u>, 20 F.3d 466 (5th Cir. 1994)(table).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Reginald S. Bernard be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 4th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE